UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL Q. FALK,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ROBERT S. PAIR, et al.,<br><br>　　　　Defendants. | Case No.: 1:13-cv-00003 - LJO - JLT<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS<br><br>(Doc. 2)<br><br>ORDER DIRECTING PLAINTIFF TO FILE A FIRST AMENDED COMPLAINT OR NOTIFY THE COURT OF HIS WILLINGNESS TO PROCEED ONLY ON HIS COGNIZABLE CLAIMS |

Michael Q. Falk ("Plaintiff") seeks to proceed *pro se* and *in forma pauperis* with an action pursuant to 42 U.S.C. § 1983 for a violation of his civil rights. Plaintiff asserts Officers Escobedo, Pair, and Tsang of the Bakersfield Police Department ("Defendants") used excessive force in the course of his arrest.

**I.     Motion to proceed in forma pauperis**

The Court may authorize the commencement of an action without prepayment of fees when an individual "submits an affidavit that includes a statement of all assets such person . . . possesses [and] that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a). The Court has reviewed Plaintiff's application and has determined his affidavit satisfies the requirements of 28 U.S.C. § 1915(a). Therefore, Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**.

## II. Screening Requirement

When a plaintiff proceeds *in forma pauperis*, the Court is required to review the complaint, and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is "frivolous, malicious or fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. 1915(e)(2). A claim is frivolous "when the facts alleged arise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

## III. Pleading Standards

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less stringent standards" than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 521-21 (1972).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner, and identify the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002); *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 129 S. Ct. at 1949 (citations omitted). When factual allegations in a complaint are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief. *Id.* However, legal conclusions are not entitled to the same assumption of truth. *Id.*

The Court has a duty to dismiss a case at any time it determines an action fails to state a claim, "notwithstanding any filing fee that may have been paid." 28 U.S.C. § 1915e(2). Accordingly, a court "may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim." *See Wong v. Bell*, 642 F.2d 359, 361 (9th Cir. 1981) (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1357 at 593 (1963)). However, leave to amend a complaint may be granted to the extent deficiencies of the complaint can be cured by an amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

## IV.     Section 1983 Claims

Plaintiff seeks to proceed in this action under 42 U.S.C. § 1983 ("Section 1983"), which "is a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Thus, an individual may bring an action for the deprivation of civil rights pursuant to Section 1983, which states in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. To state a cognizable claim under Section 1983, a plaintiff must allege facts from which it may be inferred (1) he was deprived of a federal right, and (2) a person or entity who committed the alleged violation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Williams v. Gorton*, 529 F.2d 668, 670 (9th Cir. 1976).

///

**V.     Factual Allegations**

According to Plaintiff, Officers Pair and Escobedo used excessive force in the course of his arrest, and Officer Tsang witnessed the assaults and did nothing to stop what went on." (Doc. 1 at 3). Specifically, Plaintiff asserts he was at the apartment of his ex-girlfriend Debbie Flynn and Christine Henry on March 23, 2012. *Id.* at 4. Plaintiff alleges there was a knock on the door, and fearing the knock belonged to her new boyfriend, Ms. Flynn asked Plaintiff "to go to the bathroom to avoid her new boyfriend." *Id.* Plaintiff asserts he hid in the bathroom but, rather than the new boyfriend appearing, Officers Pair and Escobedo entered the apartment.

Plaintiff asserts he let the officers know he was present when he heard someone ask, "Is anybody else here?" (Doc. 1 at 4). He alleges Officer Escobedo advised him "to assume position," and Plaintiff laced his fingers over his head, after which Officer Escobedo told him "to turn to the side and walk out [of the bathroom] backwards." *Id.* Plaintiff alleges he asked Officer Escobedo questions while Officer Pair searched Ms. Henry's room, but Officer Escobedo did not answer his questions. *Id.*

Plaintiff alleges Officer Pair yelled, "Do you think this is a fucking game?" as he exited Ms. Henry's room, and told Officer Escobedo: "Hook him up." (Doc. 1 at 5). According to Plaintiff:

> Officer (Robert S. Pair) told me to "shut the fuck up" then took my hand that was enterlaced [sic] behind my head and forced my hand closed and pulled my arm behind me, and manuvered [sic] it all the way up my back yanking to the ground, saying "Quit resisting arrest."

*Id.* Plaintiff asserts that once he was unable to move on the ground, Officer Pair "delivered 20 plus strikes to [his] right kidney." *Id.* According to Plaintiff, Officer Pair handcuffed him, and then jammed his fingers in his mouth and nose, straightening his fractured nose. *Id.* Plaintiff asserts that "directly after that," Officer Escobedo "knee dropped [him] in the back of the head" while Officer Pair held him down and "continued to beat [him] down 20-25 times with his fist." *Id.*

Plaintiff asserts he yelled for Ms. Flynn and Ms. Henry to open the door. (Doc. 1 at 6). "After being exited out," Plaintiff asked Officer Tsang why he didn't stop the actions of the other officers, and Officer Tsang responded: "I didn't see nothing." *Id.* Plaintiff asserts this was a lie. *Id.*

///

///

4

## VI. Discussion and Analysis

The Fourth Amendment provides: "The right of the people to be secure in their persons. . . against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing . . . the persons or things to be seized." *U.S. Constitution, amend. IV*. The Supreme Court has determined claims for excessive force are addressed under the Fourth Amendment, which requires the use of "reasonable" force. *Graham v. Connor*, 490 U.S. 386, 388 (1989) ("claim[s] that law enforcement officials used excessive force in the course of making an arrest, investigatory stop, or other 'seizure'… are properly analyzed under the Fourth Amendment's 'objective reasonableness' standard"); *see also Chew v. Gates*, 27 F.3d 1432, 1440 (9th Cir. 1994) ("the use of force to effect an arrest is subject to the Fourth Amendment's prohibition on unreasonable seizures").

Here, Plaintiff asserts Officer Escobedo "knee-dropped" him in the back of the head, and Officer Pair hit him approximately 40 times in the kidney and body while he was on the ground. (Doc. 1 at 5). Thus, Plaintiff has stated cognizable claims against Officers Escobedo and Pair. However, Plaintiff has not stated facts sufficient to support a claim against Officer Tsang.

Plaintiff contends Officer Tsang failed to protect him and stop the actions of other officers. The Ninth Circuit has determined "police officers have a duty to intercede when their fellow officers violate the constitutional rights of a suspect or other citizen." *United States v. Koon*, 34 F.3d 1416, 1447 (9th Cir. 1994), *rev'd on other grounds*, 518 U.S. 81 (1996); *Cunningham v. Gates*, 229 F.3d 1271, 1289 (9th Cir. 2000). "[T]he constitutional right violated by the passive defendant is analytically the same as the right violated by the person who strikes the blows." *Id.* However, a law enforcement officer may only be held liable for failing to intercede if he had a "realistic opportunity" to do so. *Cunningham*, 229 F.3d at 1289-90. If an officer is not present at the time of a constitutional violation, he may not have a realistic opportunity to intercede. *Id.* at 1290. In addition, there may no realistic opportunity to intercede to prevent the violation if a constitutional violation occurs very quickly. *See, e.g., Knapps v. City of Oakland*, 647 F. Supp. 2d 1129, 1159-60 (N.D. Cal. 2009).

Notably, Plaintiff does not allege Officer Tsang was in the apartment when the events alleged occurred. Further, Plaintiff alleges he was in a closed room with Officers Escobedo and Pair, and he

asked Officer Tsang why he did not stop the other officers from the "police brutality" upon exiting the room. (Doc. 1 at 6). Thus, based upon the facts alleged, it does not appear Officer Tsang had a realistic opportunity to intercede and prevent the actions of Officers Escobedo and Pair.

## VII.    Conclusion and Order

Plaintiff has stated cognizable claims for excessive force in violation of the Fourth Amendment by Officers Escobedo and Pair. However, Plaintiff has not stated facts sufficient to support a claim against Officer Tsang.

Plaintiff will be given an opportunity to file an amended complaint curing the deficiencies identified in this order. *See Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987) ("A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment"). In the alternative, Plaintiff may notify the Court in writing that he does not wish to file an amended complaint and is willing to proceed only on their claims for violation of the Fourth Amendment by Officers Escobedo and Pair. At that time, the Court will recommend dismissal of the other claims and defendant, and issue summons.

Plaintiff is advised that the Court cannot refer to a prior pleading in order to make an amended complaint complete. As a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Thus, once an amended complaint is filed, the original pleading no longer serves any function in the case. Local Rule 220 requires and amended complaint be "complete in itself without reference to the prior or superseded pleading."

The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." In addition, Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986).

Based upon the foregoing, **IT IS HEREBY ORDERED**:

1.    Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**;

2.    Within 21 days from the date of service of this order Plaintiff **SHALL**:

   a.    File a First Amended Complaint curing the deficiencies identified by the Court in this order, or

    b.  Notify the Court, in writing, of his willingness to proceed only on the cognizable claims against Officers Escobedo and Pair.

**If Plaintiff fails to comply with this order, the action will be dismissed for failure to obey the Court's order.** *See e.g. Ferdik v. Bonzelet,* 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissing the action for failure to comply with an order requiring amendment of complaint).

IT IS SO ORDERED.

Dated:  **January 23, 2013**      /s/ Jennifer L. Thurston
                      UNITED STATES MAGISTRATE JUDGE