UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL Q. FALK,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ROBERT S. PAIR, et al.,<br><br>　　　　Defendants. | ) Case No.: 1:13-cv-00003 - LJO - JLT<br>)<br>) FINDINGS AND RECOMMENDATIONS<br>) DISMISSING PLAINTIFF'S CLAIM AGAINST<br>) DEFENDANT CHUENG TSANG<br>)<br>) ORDER DIRECTING CLERK TO ISSUE<br>) SUMMONS<br>)<br>) ORDER DIRECTING UNITED STATES<br>) MARSHAL FOR SERVICE OF COMPLAINT |

　　　Michael Q. Falk ("Plaintiff") seeks to proceed *pro se* and *in forma pauperis* with an action pursuant to 42 U.S.C. § 1983 for a violation of his civil rights. Plaintiff asserts Officers Escobedo, Pair, and Tsang of the Bakersfield Police Department ("Defendants") used excessive force in the course of his arrest.

　　　For the following reasons, the Court recommends the action proceed against Officers Escobedo and Pair, and the claim against Officer Tsang be **DISMISSED**.

**I.　　Screening Requirement**

　　　When a plaintiff proceeds *in forma pauperis*, the Court is required to review the complaint, and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is "frivolous, malicious or fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. 1915(e)(2). A

claim is frivolous "when the facts alleged arise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

## II.     Pleading Standards

The Federal Rules of Civil Procedure govern the filing of a complaint, which must include a statement affirming the Court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief."  Fed. R. Civ. P. 8(a).  *Pro se* pleadings are held to "less stringent standards" than pleadings by attorneys.  *Haines v. Kerner*, 404 U.S. 519, 521-21 (1972).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner, and identify the grounds upon which the complaint stands.  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002); *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984).  The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.  A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted).  Conclusory and vague allegations do not support a cause of action.  *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).  The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'

*Iqbal*, 129 S. Ct. at 1949 (citations omitted).  When factual allegations in a complaint are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief.  *Id.*  However, legal conclusions are not entitled to the same assumption of truth.  *Id.*

The Court has a duty to dismiss a case at any time it determines an action fails to state a claim, "notwithstanding any filing fee that may have been paid." 28 U.S.C. § 1915e(2). Accordingly, a court "may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim." *See Wong v. Bell*, 642 F.2d 359, 361 (9th Cir. 1981) (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1357 at 593 (1963)).

### III. Section 1983 Claims

Plaintiff seeks to proceed in this action under 42 U.S.C. § 1983 ("Section 1983"), which "is a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Thus, an individual may bring an action for the deprivation of civil rights pursuant to Section 1983, which states in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. To state a cognizable claim under Section 1983, a plaintiff must allege facts from which it may be inferred (1) he was deprived of a federal right, and (2) a person or entity who committed the alleged violation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Williams v. Gorton*, 529 F.2d 668, 670 (9th Cir. 1976).

### IV. Factual Allegations

According to Plaintiff, Officers Pair and Escobedo used excessive force in the course of his arrest, and Officer Tsang witnessed the assaults and did nothing to stop what went on." (Doc. 1 at 3). Specifically, Plaintiff asserts he was at the apartment of his ex-girlfriend Debbie Flynn and Christine Henry on March 23, 2012. *Id.* at 4. Plaintiff alleges there was a knock on the door, and Ms. Flynn asked Plaintiff "to go to the bathroom to avoid her new boyfriend." *Id.* Plaintiff asserts he hid in the bathroom, and while he was in there, Officers Pair and Escobedo entered the complex. *Id.*

Plaintiff asserts he let the officers know he was present when he heard someone ask "Is anybody else here?" (Doc. 1 at 4). He alleges Officer Escobedo advised him "to assume position," and Plaintiff laced his fingers over his head, after which Officer Escobedo told him "to turn to the side

3

and walk out [of the bathroom] backwards." *Id.*  Plaintiff alleges he asked Officer Escobedo questions while Officer Pair searched Ms. Henry's room, but Officer Escobedo did not answer his questions. *Id.*

Plaintiff alleges Officer Pair yelled, "Do you think this is a fucking game?" as he exited Ms. Henry's room, and told Officer Escobedo: "Hook him up." (Doc. 1 at 5).  According to Plaintiff:

> Officer (Robert S. Pair) told me to "shut the fuck up" then took my hand that was enterlaced [sic] behind my head and forced my hand closed and pulled my arm behind me, and manuvered [sic] it all the way up my back yanking to the ground, saying "Quit resisting arrest."

*Id.*  Plaintiff asserts that once he was unable to move on the ground, Officer Pair "delivered 20 plus strikes to [his] right kidney." *Id.*  According to Plaintiff, Officer Pair handcuffed him, and then jammed his fingers in his mouth and nose, straightening his fractured nose. *Id.*  Plaintiff asserts that "directly after that," Officer Escobedo "knee dropped [him] in the back of the head" while Officer Pair held him down and "continued to beat [him] down 20-25 times with his fist." *Id.*

Plaintiff asserts he yelled for Ms. Flynn and Ms. Henry to open the door. (Doc. 1 at 6).  "After being exited out," Plaintiff asked Officer Tsang why he didn't stop the actions of the other officers, and Officer Tsang responded: "I didn't see nothing." *Id.*  Plaintiff asserts this was a lie. *Id.*

**V.     Discussion and Analysis**

The Fourth Amendment provides: "The right of the people to be secure in their persons. . . against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing . . . the persons or things to be seized." *U.S. Constitution, amend. IV*.  The Supreme Court has determined claims for excessive force are addressed under the Fourth Amendment, which requires the use of "reasonable" force. *Graham v. Connor*, 490 U.S. 386, 388 (1989) ("claim[s] that law enforcement officials used excessive force in the course of making an arrest, investigatory stop, or other 'seizure'… are properly analyzed under the Fourth Amendment's 'objective reasonableness' standard"); *see also Chew v. Gates*, 27 F.3d 1432, 1440 (9th Cir. 1994) ("the use of force to effect an arrest is subject to the Fourth Amendment's prohibition on unreasonable seizures").

Here, Plaintiff asserts Officer Escobedo knee-dropped him in the back of the head, and Officer Pair hit him approximately 40 times in the kidney while he was on the ground. (Doc. 1 at 5).  Thus,

4

Plaintiff has stated cognizable claims against Officers Escobedo and Pair. However, Plaintiff has not stated facts sufficient to support a claim against Officer Tsang.

Plaintiff contends Officer Tsang failed to protect him and stop the actions of other officers. The Ninth Circuit has determined "police officers have a duty to intercede when their fellow officers violate the constitutional rights of a suspect or other citizen." *United States v. Koon*, 34 F.3d 1416, 1447 (9th Cir. 1994), *rev'd on other grounds*, 518 U.S. 81 (1996); *Cunningham v. Gates*, 229 F.3d 1271, 1289 (9th Cir. 2000). "[T]he constitutional right violated by the passive defendant is analytically the same as the right violated by the person who strikes the blows." *Id.* However, a law enforcement officer may only be held liable for failing to intercede if he had a "realistic opportunity" to do so. *Cunningham*, 229 F.3d at 1289-90. If an officer is not present at the time of a constitutional violation, he may not have a realistic opportunity to intercede. *Id.* at 1290. In addition, there may no realistic opportunity to intercede to prevent the violation if a constitutional violation occurs very quickly. *See, e.g., Knapps v. City of Oakland*, 647 F. Supp. 2d 1129, 1159-60 (N.D. Cal. 2009).

Notably, Plaintiff does not allege Officer Tsang was in the apartment when the events alleged occurred. Further, Plaintiff alleges he was in a closed room with Officers Escobedo and Pair, and he asked Officer Tsang why he did not stop the other officers from the "police brutality" upon exiting the room. (Doc. 1 at 6). Though Plaintiff concludes Tsang lied when he said he was unaware of the use if excessive force, Plaintiff fails to provide any factual support for this conclusion. Thus, based upon the facts alleged, it does not appear Officer Tsang had a realistic opportunity to intercede and prevent the actions of Officers Escobedo and Pair.

**VI.     Conclusion**

Plaintiff stated cognizable claims for excessive force in violation of the Fourth Amendment by Officers Escobedo and Pair. However, the facts alleged are insufficient to support a claim against Officer Tsang. On January 23, 2013, the Court granted Plaintiff leave to amend the complaint. (Doc. 5 at 6) (citing *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987)). In the alternative, Plaintiff was instructed he could notify the Court in writing that he did not wish to file an amended complaint, and is willing to proceed only on his claims for violation of the Fourth Amendment against Officers

Escobedo and Pair. *Id.* On February 25, 2013, Plaintiff filed a notice of intent to proceed on the cognizable claims. (Doc. 8).

Accordingly, **IT IS HEREBY ORDERED**:

1. Service of Plaintiff's complaint (Doc. 1) is appropriate for, and shall be initiated upon, the following defendants:
   a. Officer Escobedo
   b. Officer Pair
2. The Clerk of Court is DIRECTED to send Plaintiff two (2) USM-285 forms, two (2) Summons, a Notice of Submission of Documents form, an instruction sheet, and a copy of the Complaint filed January 2, 2013;
3. Within twenty-one days from the date of this order, Plaintiff **SHALL** complete the attached Notice of Submission of Documents and submit the completed Notice to the Court with the following documents:
   a. One completed summons for each defendant identified above;
   b. One completed USM-285 form for each defendant; and
   c. Two (2) copies of the Complaint filed January 2, 2013;
4. The U.S. Marshal is DIRECTED to serve a copy of the Complaint, summons, and this order upon the defendants as directed by Plaintiff in the USM forms; and
5. Plaintiff is cautioned that failure to comply with this order will result in a recommendation that the action be dismissed pursuant to Local Rule 110.

## VII. Findings and Recommendations

Based upon the foregoing, **IT IS HEREBY RECOMMENDED**:

1. Plaintiff's claim for a Fourth Amendment violation by Officer Tsang be **DISMISSED**; and
2. Officer Tsang be **DISMISSED** as a defendant from this action.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen

days after being served with these Findings and Recommendations, any parties may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **February 26, 2013**            **/s/ Jennifer L. Thurston**
                                        UNITED STATES MAGISTRATE JUDGE