1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

MICHAEL Q. FALK,

        Plaintiff,

    v.

ROBERT S. PAIR, et al.,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)

Case No.: 1:13-cv-00003 - LJO - JLT

ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH THE COURT'S ORDER

    Michael Q. Falk ("Plaintiff") seeks to proceed *pro se* and *in forma pauperis* with an action pursuant to 42 U.S.C. § 1983 for a violation of his civil rights.  On February 27, 2013, the Court screened Plaintiff's complaint and directed the Clerk to issue service documents including: "(2) USM-285 forms, two (2) Summons, a Notice of Submission of Documents form, an instruction sheet, and a copy of the Complaint filed January 2, 2013." (Doc. 12 at 6).  The Court ordered Plaintiff to complete and submit the Notice of Submission of Documents, and provide one completed Summons for each defendant, one USM-285 form for each defendant, and two copies of the compliant within twenty-one days of the date of service.  *Id.*  Accordingly, Plaintiff was to file the above documents no later than March 20, 2013.  To date, Plaintiff has failed to file these documents, and without them the United States Marshal cannot serve the defendants in the action.

    The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any

and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Accordingly, Plaintiff is **ORDERED** to show cause **within fourteen days** of the date of service of this Order why the action should not be dismissed for his failure comply with the Court's order. In the alternative, within the same fourteen days, Plaintiff may complete the Notice of Submission of Documents and file the service documents identified in the Court's order.

IT IS SO ORDERED.

Dated:   __June 25, 2013__                    _____/s/ Jennifer L. Thurston__
                                              UNITED STATES MAGISTRATE JUDGE

2