**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL Q. FALK, | ) Case No.: 1:13-cv-00003 - LJO - JLT |
| Plaintiff, | ) |
| v. | ) FINDINGS AND RECOMMENDATIONS DISMISSING THE ACTION FOR PLAINTIFF'S FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH THE COURT'S ORDERS |
| ROBOERT S. PAIR, et al., | ) |
| Defendants. | ) |

Michael Q. Falk ("Plaintiff") is proceeding *pro se* with an action pursuant to 42 U.S.C. § 1983 for a violation of his civil rights. For the following reasons, the Court recommends the action be **DISMISSED** without prejudice.

**I.    Background**

Plaintiff is proceeding *in forma pauperis* with this action (Doc. 5), and as a result the Court screened Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2). The determined Plaintiff stated a cognizable claim for a violation of his right to be free from the use of excessive force, and ordered Plaintiff to notify the Court of his willingness to proceed only on his cognizable claims or, in the alternative, to file a First Amended Complaint. (Doc. 5). Plaintiff responded that he wished to proceed on his cognizable claims on February 25, 2013. (Doc. 8). Therefore, the Court issued the summons and new civil case documents. (Docs. 13, 15).

The Court ordered Plaintiff to complete and submit a Notice of Submission of Documents, provide one completed Summons for each defendant, one USM-285 form for each defendant, and two copies of the compliant within twenty-one days of the date of service. (Doc. 12 at 6). Accordingly, Plaintiff was to file the necessary service documents no later than March 20, 2013. To date, Plaintiff has failed to file these documents, and without them the United States Marshal cannot serve the defendants in the action.

Because Plaintiff had not filed the service documents, the Court issued an order to show cause on June 26, 2013, which contained a warning that failure to prosecute an action and failure to obey the Court's orders may result in dismissal of the action. (Doc. 19 at 2). Plaintiff was ordered "to show cause within fourteen days of the date of service of this Order why the action should not be dismissed for failure to comply with the Court's order" or, in the alternative, to "complete the Notice of Submission of Documents and file the service documents identified in the Court's order." *Id.* Again, Plaintiff failed to comply with or otherwise respond to the Court's order.

## II.     Failure to Prosecute and Obey the Court's Orders

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." LR 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See*, *e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

## III.     Discussion and Analysis

To determine whether to dismiss an action for failure to prosecute and failure to obey a Court order, the Court must consider several factors, including: "(1) the public's interest in expeditious

resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson*, 779 F.2d at 1423-24; *see also Ferdik*, 963 F.2d at 1260-61; *Thomspon*, 782 F.2d at 831.

Here, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. Judges in the Eastern District of California carry the heaviest caseload in the nation, and this Court cannot, and will not hold, this action in abeyance given Plaintiff's failure to comply with the deadlines set forth by the Court and failure to prosecute. The risk of prejudice to the defendant also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecution of an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

Notably, Plaintiff was warned that an action may be dismissed "based on a party's failure to prosecute an action or failure to obey a court order." (Doc. 19 at 1-2). Similarly, the new civil case documents warned Plaintiff that "[f]ailure to timely serve summons and complaint may result in the imposition of sanctions, including the dismissal of unnerved defendants." (Doc. 15 at 2). Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's orders, and his failure to prosecute the action. These warnings that failure to comply with the Court's orders would result in sanctions, including dismissal, satisfy the requirement that the Court consider less drastic measures. *Ferdik*, 963 F.2d at 1262; *Henderson*, 779 F.2d at 1424. Given these facts, the policy favoring disposition of cases on their merits is outweighed by the factors in favor of dismissal.

**IV.     Findings and Recommendations**

Based upon the foregoing, **IT IS HEREBY RECOMMENDED**: that this action be **DISMISSED without prejudice.**

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within 14 days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and

Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **July 17, 2013**  **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE